UNITED STATES of America, Plaintiff,

v.

Franz Bernhard MAGDALENER, Jay
Pinder, et al., Defendants.

No. CR 87–8–H–CCL.

United States District Court,
D. Montana,
Helena Division.

May 13, 1988.

James E. Syekora, Asst. U.S. Atty., Bill-
ings, Mont., for plaintiff.

Philip G. Butler, Jr., West Palm Beach,
Fla., Robert J. Sewell, Jr., Helena, Mont.,
for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendant Jay Pinder moves for a new
trial pursuant to Fed.R.Crim.P. 33 on the
ground of newly discovered evidence. Al-
though Pinder's motion was filed after his
appeal was taken, the Ninth Circuit Court
of Appeals granted a limited remand for
the purpose of allowing this court to con-
sider the motion.

Pinder's motion for new trial is premised
on three grounds: the purported recanta-
tion of testimony and egregious misconduct
of government informant Terry Norman
Toepper; the alleged inconsistent state-
ments by witness and codefendant Franz
Bernhard Magdalener, which Pinder claims
constituted exculpatory evidence withheld
by the government; and the claim that the
government withheld important evidence
regarding certain phone calls placed by de-
fendant Michael Miller to Pinder's phone
number.

In his supporting brief and by testimony of Philip Butler, Pinder's trial counsel, Pinder represents that Terry Toepper contacted Butler and offered to recant his purportedly false testimony in exchange for monetary compensation. Toepper further advised that he had received a number of letters from Magdalener some months prior to trial of this matter, which clearly contradicted Magdalener's trial testimony with respect to Pinder's involvement in the charged conspiracy.

The government maintains that the one letter provided by Toepper contains no exculpatory material, and that the existence of any other letters was not disclosed. The government further asserts that defense counsel interviewed both Toepper and Magdalener prior to their being called to testify, and that both were subject to extensive cross-examination. The government submits that Toepper was simply attempting to "work[ ] a con" on Phil Butler to get out of jail, and that Pinder cannot take advantage of such a con to overturn the jury's verdict.

At the time of hearing, Terry Toepper admitted that he had contacted Butler in an effort to obtain funds to secure his release from jail. He further stated that the only portion of his trial testimony which may have been inaccurate or misleading was his failure to testify that he did not know what was in the package that he picked up and delivered to federal agents. Toepper denied offering to recant his testimony and further denied that any of his testimony at trial was false.

Evidence also was presented at hearing, through the testimony of Assistant United States Attorney James E. Seykora, that prior to trial of the charges against Jay Pinder, codefendant Michael Miller entered a plea of guilty to the conspiracy charge. As part of the plea agreement, Miller acknowledged

> that on December 12, 1986, in an effort to warn Jay Pinder to proceed with caution in dealing with Tony Meyers, who was attempting to obtain cocaine from Michael Miller that day, Michael Miller placed phone calls to Jay Pinder at 3:26

p.m., 8:14 p.m., 9:04 p.m., and 9:39 p.m. This was an effort by Michael Miller to warn Jay Pinder that Meyers was attempting to obtain cocaine from him and that Tony Meyers may be cooperating with law enforcement authorities.

The plea agreement reflecting this acknowledgment by Miller was sealed at the government's request, and this information was not provided by the government to Pinder's attorney. Pinder argues that the government placed heavy emphasis on those phone calls during trial, suggesting to the jury that the calls were placed to "set up" the cocaine transaction, while all along the government had reason to believe some of the calls were not completed and knew that the calls were not made for that purpose. Had counsel known the substance of Miller's plea agreement, Pinder asserts, Miller certainly would have been called as a witness on Pinder's behalf to contradict the government's theory.

■ It is well settled that motions for new trial on the grounds of newly discovered evidence are not favored and are viewed with great caution. *See* Wright, *Federal Practice and Procedure: Criminal 2d* § 557 (1982), and cases cited therein. Such motions are addressed to the sound discretion of the district court. *United States v. Kenny,* 645 F.2d 1323, 1343 (9th Cir.), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981); *United States v. Krasny,* 607 F.2d 840, 845 (9th Cir.1979), *cert. denied,* 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980).

Compliance with exacting standards is required. Under the so-called "Berry Rule," four factors had to be present, the most salient of which was that it had to be shown that the claimed evidence probably would produce an acquittal. *Berry v. State,* 10 Ga. 511, 527 (1851). The Ninth Circuit test is similar, requiring that five criteria must be satisfied in order for the moving party to prevail: (1) the evidence relied on is in fact newly discovered; (2) the movant has been diligent in attempting to secure evidence; (3) the evidence must be more than merely cumulative or impeaching; (4) the evidence must be materi-

al; and (5) the evidence must be of such nature as, on a new trial, would probably produce an acquittal. *See, e.g., Kenny,* 645 F.2d at 1343; *Krasny,* 607 F.2d at 842–43; *United States v. Eldred,* 588 F.2d 746, 753 (9th Cir.1978).

■ Pinder's motion asserts that Terry Toepper committed perjury at trial, and that without such perjured testimony there would have been insufficient evidence to support a conviction.

The Ninth Circuit applies a probability standard for determining whether perjury requires a new trial. *Krasny,* 607 F.2d at 844; *United States v. Steel,* 759 F.2d 706, 713 (9th Cir.1985). Thus, it is the defendant's burden to prove that retrial without the perjured testimony would probably produce an acquittal. *Id.* Here, there is no proof that Terry Toepper perjured himself at trial. Toepper testified at the hearing that he told the truth at trial, but that he had neglected to mention that he did not know the package contained cocaine. Clearly, in view of the uncontroverted evidence that the package did contain cocaine, Toepper's lack of knowledge thereof is not material new evidence which would warrant a new trial. The burden rests with Pinder to show that he is entitled to a new trial. *Steel,* 759 F.2d at 713. In the absence of proof of perjured testimony, Pinder cannot meet his burden.*

■ Apparently recognizing this, Pinder has shifted the focus of his claim. Instead of arguing that Toepper's recantation requires a new trial, Pinder now asserts that his conviction is tainted by Toepper's post-trial conduct. In support of his position, Pinder relies on *Mesarosh v. United States,* 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956), *Williams v. United States,* 500 F.2d 105 (9th Cir.1974), and *United States v. Chisum,* 436 F.2d 645 (9th Cir.1971).

In response to this argument, the United States asserts that Pinder's evidence at hearing was inconclusive and that his argu-

ment is based on innuendo. However, the court need not grapple with resolution of any of the disputed facts. There is no question that Toepper called Butler in an attempt to procure monies, for whatever purpose. There is no question that Toepper's veracity is somewhat doubtful, and that his conduct during the fall months of 1987 was far from admirable. There is also no question that Toepper was vigorously cross-examined at trial and his credibility called in to question on more than one occasion. None of these factors is pivotal to the court's decision.

The holdings of *Williams* and *Chisum* are based on a narrow set of facts and expressly have been limited to those facts. The Ninth Circuit has held "that the principles which guided the Court in *Mesarosh* are limited in application to those rare cases where the credibility of a key government witness has been 'wholly discredited' by the witness' commission of perjury in other cases involving substantially similar subject matter." *Krasny,* 607 F.2d at 845. The facts of this case clearly do not present the rare circumstance contemplated by *Krasny,* and a new trial is not warranted on this ground.

Pinder's next argument is premised on the government's alleged failure to produce exculpatory evidence as required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He first asserts that the government should have provided him with a copy of the letter it had obtained from Terry Toepper written by codefendant Franz Magdalener.

■ "*Brady* material is evidence both favorable to the accused and material to the issue of guilt or punishment. A defendant is denied due process if the government suppresses *Brady* material." *United States v. Endicott,* 803 F.2d 506, 514 (9th Cir.1986). The government has a duty to disclose exculpatory evidence even if defense counsel makes no specific request for

---

* After the hearing, the government moved to supplement the record, indicating that it has new evidence from a co-conspirator corroborating Terry Toepper's trial testimony. Although this is a significant development in the government's case, and tends further to lessen the probability of acquittal on retrial, it is not necessary to the court's determination that Pinder has not met his burden on this issue.

the evidence. *United States v. Agurs,* 427 U.S. 97, 110, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976). In such situations, the test for a violation of due process "is whether 'the government failed to disclose evidence which, in the context of [the] particular case, might have led the jury to entertain a reasonable doubt about [the defendant's] guilt.'" *United States v. Alderdyce,* 787 F.2d 1365, 1369 (9th Cir.1986) (quoting *Hilliard v. Spalding,* 719 F.2d 1443, 1445 (9th Cir.1983)).

Pinder's *Brady* request sought disclosure of the following information:

a. Any statements by Terry Toepper to law enforcement agents as to the whereabouts of Terry Toepper during the two hour period [between 6:30 to 8:30 p.m. on December 12, 1986].

b. Any statements by Terry Toepper to law enforcement agents as to any individuals Terry Toepper was with or met during the two hour period described above.

c. Any statements by Terry Toepper to law enforcement agents as to whether Terry Toepper ingested any of the cocaine while out of the presence of the agents.

Pinder's Motion for Production of Exculpatory Evidence, filed May 11, 1987.

█ Clearly, Pinder made no request for any exculpatory material other than these few matters, limited to Terry Toepper's activities over a few hours during the evening of December 12, 1986. Thus, the government's failure to disclose the "Magdalener letter" and the statement contained in Miller's plea agreement will justify a new trial only if such evidence "would have created a reasonable doubt that did not otherwise exist." *United States v. Claiborne,* 765 F.2d 784, 803 (9th Cir.1985).

Pinder asserts that the "Magdalener letter" contains information and admissions incriminating Magdalener, as well as accusations against Toepper of offering to give false testimony. Thus, Pinder argues, the letter could have been used to cross-examine Magdalener as to the statements made by him and would have been "of assistance to defense counsel" as it pertained to Toepper's veracity.

Magdalener's letter, in essence, is a plea for help from Toepper, asking him to cooperate with Magdalener and his attorney. In the letter, Magdalener denies his guilt and accuses Toepper of "setting him up." No mention is made of Jay Pinder or of any other defendant, nor does Magdalener comment on the events of December 12, 1986.

Magdalener was subjected to vigorous cross-examination by defense counsel, questioned about his relationship with Toepper, his involvement in the conspiracy, and his knowledge of Jay Pinder. The court fails to see how use of the letter during cross-examination would have shed any light on Pinder's guilt or innocence, particularly because the relationship between Magdalener and Toepper was explored fully during trial, and Magdalener's testimony in that regard is corroborated by the letter. The letter is neither favorable to Pinder nor material to his guilt or innocence.

Turning to the Miller issue, the court again must determine whether that statement was favorable to Jay Pinder and whether, if disclosed, it would have created a reasonable doubt that did not otherwise exist.

For the purpose of determining this issue, the court accepts Pinder's argument that the prosecution misled the jury in its representations and argument about the phone calls to Jay Pinder's number. Pinder may be correct in his argument that had he known about this statement he could have disputed the government's theory of the case. However, the statement is not favorable to Pinder. On the contrary, the fact that Miller was attempting to warn him of a potential "bust" is clear evidence of Pinder's involvement in the conspiracy. If Pinder was *not trafficking in cocaine, he* would need no warning to stay away from a purported buyer who was suspected to be an informant.

The court therefore finds as a matter of fact:

1. There is no evidence that any perjured testimony was presented during the trial of this matter;

2. Terry Toepper's post trial conduct does not constitute ground for new trial under the rulings of *Chisum, Williams,* and *Mesarosh;*

3. No exculpatory evidence was withheld from Pinder by the United States; neither the letter from Franz Magdalener to Terry Toepper nor the statement in Michael Miller's plea agreement contained evidence favorable to Pinder or evidence which would create a reasonable doubt that did not otherwise exist.

Accordingly, Pinder is unable to show that retrial probably would result in his acquittal.

IT IS HEREBY ORDERED:

1. The United States' motion to supplement the record is DENIED;

2. Defendant Jay Pinder's motion for new trial on the ground of newly discovered evidence is DENIED.

The clerk is directed forthwith to notify counsel of entry of this order.